IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-49,984-02






EX PARTE CATHY LYNN HENDERSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM CAUSE NO. 94-2034 IN THE 299
TH DISTRICT COURT


TRAVIS COUNTY






 Keller, P.J., filed a dissenting opinion in which Hervey, J. joined.


 Before a court can consider the merits of a habeas application, the application must contain
sufficient facts establishing one of the three exceptions listed in Article 11.071, §5(a). (1) The facts alleged
in the present application, even if accepted as true, do not establish any of the exceptions listed in §5. In
Ex parte Staley, we explained that an applicant could not meet the §5(a)(1) exception on the basis of new
law simply by relying upon United States Supreme Court cases that established new law. (2) He was still
required to show that the facts in his case fit "under the umbrella of that 'new' legal claim." (3) Similarly, new
facts can show a new factual basis under §5(a)(1) only if the new facts would establish a claim upon which
relief could be granted. Even assuming that the new medical research constitutes "new facts" that were
unavailable at the time the previous application was filed, those new facts, even if accepted, do not establish
any recognized claim for relief. Consequently, the statutory scheme requires this Court to dismiss the
application. Because the Court does not, I respectfully dissent. 

Filed: June 11, 2008

Publish


1. Tex. Code Crim. Proc., Art. 11.071, §5(a).
2. 160 S.W.3d 56, 63-64 (Tex. Crim. App. 2005).
3. Id.